**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIE ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:13-cv-01270- JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff Willie Rogers initiated this action seeking judicial review of the administrative decision denying his application for benefits under the Social Security Act. However, Plaintiff has failed to prosecute the action and failed to comply with the Court's orders to file an opening brief. Accordingly, the action is **DISMISSED** without prejudice.

**I.     Background**

Plaintiff initiated this action by filing his complaint on August 13, 2013.  (Doc. 1.) On August 15, 2013, the Court entered its Scheduling Order, setting the applicable deadlines. (Doc. 5.) Pursuant to the Scheduling Order, the administrative record was lodged on February 5, 2014. (Doc. 11.) On May 12, 2014, the parties stipulated to a sixty-day extension of time for Plaintiff to file an opening brief, reporting that Plaintiff was "seek[ing] the assistance of new counsel to represent him." (Doc. 13.)

On May 12, 2014, the Court granted Plaintiff an extension of time to file an opening brief in the action, ordering Plaintiff to file an opening brief no later than July 11, 2014, "**regardless of**

1  **whether he is successful in finding new counsel**." (Doc. 14, emphasis in original).  In addition, the
2  Court informed Plaintiff that no further extensions would be given beyond the 60 days.  (*Id.*)
3  Plaintiff failed to file an opening brief, and on July 14, 2014, the Court issued an order to show
4  cause with the action should not be dismissed for Plaintiff's failure to prosecute and failure to comply
5  with the Court's orders.  (Doc. 17.)  Plaintiff was ordered to respond to explain why the action should
6  not be dismissed or to file his opening brief no later than July 30, 2014.  (Doc. 17.)  The Court warned
7  Plaintiff that failure to comply with the Court's order would result in the dismissal of the action.  (*Id.*
8  at 1-2.)
9  On July 24, 2014, Plaintiff responded to the Court's order, explaining he had a disagreement
10  with his attorney, and asserting that he was unable to work for the past eight years.  (Doc. 18.)  Plaintiff
11  failed to present any facts required by the Court in an opening brief, including a description of his
12  impairments, any medical evidence related to his impairments, any information regarding the hearing,
13  and how he believes the administrative law judge erred in the decision.  (*See* Doc. 5 at 3-4.)

14  **II.     Failure to Prosecute and Obey the Court's Orders**

15  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a
16  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any
17  and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent
18  power to control their dockets," and in exercising that power, a court may impose sanctions including
19  dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.
20  1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action
21  or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963
22  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment
23  of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
24  comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
25  failure to prosecute and to comply with local rules).

26  **III.    Discussion and Analysis**

27  To determine whether to dismiss an action for failure to prosecute and failure to obey a Court
28  order, the Court must consider several factors, including: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that failure to file an opening brief, whether proceeding *pro se* or with representation, "will result in the matter being dismissed for failure to prosecute and failure to comply with the Court's Orders." (Doc. 14 at 2.) In addition, in the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 17 at 1.) Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and his failure to file an opening brief. These warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.   Order**

Plaintiff failed to comply with the Court's orders dated August 15, 2013 (Doc. 5) and May 12, 2015 (Doc. 14). Moreover, Plaintiff failed to prosecute this action through his failure to file an opening brief.

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED** without prejudice; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **August 4, 2014**                               /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE